IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**PETER MAMBO,**

    **Plaintiff,**

    v.                                                No. CV 03-0253 LH/LFG

**RALEY'S OF NEW MEXICO, INC.,**
a foreign corporation,

    **Defendant.**

### MEMORANDUM OPINION AND ORDER OF REMAND

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand (Docket No. 5) filed on March 19, 2003. The Court, having considered the motion and briefs, as well as relevant case law, concludes that this motion is well taken and will be **granted**. Given the Court's conclusion that it lacks subject matter jurisdiction, this case shall be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

### Background

The plaintiff is a former employee of Defendant Raley's of New Mexico, Inc. (Raley's). Peter Mambo filed his complaint for Violation of Civil Rights in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on October 22, 2002, following termination by Raley's. His complaint alleges discrimination on the basis of race and national origin under the New Mexico Human Rights Act, including denial of equal promotional opportunities, and unfair treatment from Defendant's managers. Raley's removed the case to this Court on diversity grounds. Plaintiff filed

1

an immediate motion to remand the case to state court, asserting that this Court lacks subject matter jurisdiction because the jurisdictional amount in controversy has not been sufficiently established.

**Legal Standard**

When a case is removed, it is the defendant's burden to establish the amount in controversy. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Federal court jurisdiction is to be strictly construed. *See Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). There is a presumption against removal jurisdiction. *Laughlin*, 50 F.3d at 873. The Court must resolve all doubts against removal. *Fajen v. Roundation Reserves Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Id.* When the face of the complaint does not affirmatively establish the requisite amount in controversy, the burden is on the removing party to set forth, in the notice of removal itself, underlying facts supporting the assertion that the minimum jurisdictional amount for diversity jurisdiction exists. *Id.* The notice of removal must contain a short and plain statement of the grounds for removal 28 U.S.C. § 1446(a). In *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), the Tenth Circuit interpreted the *Laughlin* case to require that, at a minimum, the jurisdictional amount must be shown by a preponderance of the evidence. Where neither the complaint nor the notice of removal suffices, the Court may also consider other relevant materials in the record *Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000)(*citations omitted)[1]*.

---

[1]This does not mean that the Court may consider allegations or arguments in either party's briefs. The Court is strictly limited to *evidence* in the record before it. *See Higgins v. Compris Technologies, Inc.*, 1997 WL 851261 (D.Kan. 1997).

**<u>Plaintiffs Motion to Remand</u>**

"It is incumbent on this Court to determine whether Raley's has met its burden to establish that the amount in controversy is more than $75,000." *Juneau v. Intel*, No. 02-310 (D.N.M. filed Nov. 5, 2002). In the present case, the Plaintiff does not state specific monetary damages in his prayer for relief. The Plaintiff's prayer for relief requests that the court award full legal and equitable relief under the New Mexico Human Rights Act, to include back pay, front pay, restitution of lost benefits, pre-judgment interest; compensatory damages, damages for emotional distress and humiliation, post-judgment interest; attorney's fees and costs, and such other relief as the court deems just and proper. Based on the lack of specificity in requesting damages, the complaint does not aid this Court in determining the amount in controversy.

Next, this Court must consider the notice of removal, as well as any evidence in the record, to determine whether the minimum amount in controversy has been met. As noted by *Laughlin*, the party requesting removal must, in the notice of removal itself, set forth the underlying facts supporting the assertion that the minimum amount in controversy has been met. *Laughlin*, 50 F.3d at 873. As evidence regarding Plaintiff's compensation and benefits, Raley's has provided the affidavit of Gretchen Nichol, which the Court will consider.

Ms. Nichol's affidavit states that she is the Human Resources Manager for Raley's of New Mexico, Inc. Paragraph 4 of this affidavit states that Plaintiff, Peter Mambo, was terminated on April 18, 2002. At that time he earned $13.40 per hour and worked a minimum average of 130 hours per month. In addition to his hourly pay, Raley's contributed $466.60 per month towards Mr. Mambo's health insurance benefits, and $23.30 per month towards Mr. Mambo's vision benefits. Raley's also contributed 58 cents per hour worked towards Mr. Mambo's pension benefits. Based on these

numbers, Mr. Mambo would receive benefits of $27,695.40 in an average year of employment. Paragraph 5 of Miss Nichol's affidavit states that currently Mr. Mambo would be entitled to approximately $25,000.00 in back pay and benefits. This amount accrues at $2,307.95 per month, excluding prejudgment interest.

The affidavit further states in paragraph 8 that Mr. Mambo also seeks front pay. The affidavit asserts that if Mr. Mambo were awarded back pay, and only two years of front pay, he would be entitled to a minimum award of $80,390.80. In addition to the issue of front pay, the affidavit addresses Mr. Mambo's contention that he has management training and experience, and that he was denied suitable promotional opportunities. Paragraph 9 gives an example of how Mr. Mambo's pay would have been affected had he been promoted to the position of assistant store director in September 1999. If Mr. Mambo had been promoted to assistant store director, his earnings over a five-year period would have exceeded his earnings as a clerk over the same period by a minimum of $86,525.00, not including benefits. Based on these assertions, Raley's argues that the amount in controversy exceeds $75,000.00. Specifically, Raleys states in its response that the Plaintiff forgets most of the damages he seeks in his complaint. Raley's notes that the Plaintiff's claim is not simply one for loss of economic damages incurred since his termination, but rather seeks relief for race discrimination, wrongful termination, economic injuries incurred since at least 1999 because of missed promotional opportunities, and for other non-economic injuries, both past and future.

Raley's relies heavily on its assertion that Mr. Mambo will be seeking at least two years of front pay, or in the alternative seeks to be rewarded for not being promoted in September of 1999, in order to prove that the amount in controversy exceeds $75,000. However, Mr. Mambo does not claim to be seeking the large amount of front pay that Raley's asserts, but rather a "few thousand

4

dollars a year." In addition, Plaintiff states in his reply that he cannot and does not seek damages for failure to promote. Plaintiff asserts that the background incidents of discrimination are relevant to prove the propensity and motivation of Defendant to discriminate, and were included in the complaint for that reason. Raley's is asking the Court to assume that Mr. Mambo is seeking two full years of front pay, something that Mr. Mambo asserts is inaccurate. Raley's also notes that Mr. Mambo claims other damages such as prejudgment interest and damages for emotional distress and humiliation. However, Raley's provides no underlying facts to establish what the claimed amount of those damages might be.

Based on the record before it, this Court is unable to conclude that these employment-related injuries give rise to a claim of at least $75,000. Because Raley's removal is based on speculation as to what damages Mr. Mambo seeks, rather than, underlying facts of the minimum jurisdictional amount proven by a preponderance of the evidence, Mr. Mambo's motion to remand will be granted.

**Conclusion**

The "amount in controversy" involves an inquiry into what the plaintiff potentially stands to gain from a lawsuit, or what the defendant's possible exposure to liability may be. *See* 15 MOORE'S FEDERAL PRACTICE, §102.109[1](3d ed. 2000). Based on the contents of the complaint, the notice of removal and Ms. Nichol's affidavit, the Court concludes that Raley's has not offered sufficient facts to establish by a preponderance of the evidence that the Plaintiff's employment-related injuries give rise to a claim of at least $75,000.

**WHEREFORE**, for the reasons stated above, Plaintiff's Motion to Remand shall be **granted**, and this case shall be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**